IN THE SUPREME COURT OF THE STATE OF MONTANA

IN THE MATTER OF RULES FOR     )     FINAL ORDER ON RULES FOR
THE DISQUALIFICATION AND       )     DISQUALIFICATION AND
SUBSTITUTION OF JUDGES         )     SUBSTITUTION OF JUDGES

In an order dated July 29, 1987, we established rules for the disqualification and substitution of judges in civil and criminal cases. The rules had an effective date of September 1, 1987. In our order we provided for comments, inviting attorneys, judges and other interested parties to submit comments on the rules by December 1, 1987.

We have considered the comments that have been made, and where justified, have amended the rules as attached hereto.

The Code Commissioner for Montana Code Annotated has set forth the rules as they were promulgated by us on July 29, 1987, designating the rules as §§ 3-1-803, 3-1-804 and 3-1-805, MCA. We have adopted those numbers in the final form of the rules.

For the benefit of those parties appearing and making comments, we add hereto our reasons for disposition:

Fee for Substitution of a Judge

The rules in their final form reflect that there is a filing fee of $100 for a motion to substitute a judge. This is in accord with § 25-1-201(p) which designates the fees to be collected by the clerk of the district court. The earlier form of our rules seemed to require the payment of such a fee in criminal cases, and in cases where a judge is disqualified for cause. Since § 25-1-201(p) provides a fee only for

1

motions for substitution of judges, we have amended the rules accordingly.

Several of the parties making comment with respect to the fee objected to its amount, that it had an impact upon poor clients, constituted a sale of justice, and violated the separation of powers between the legislature and the judiciary. However the fixing of court fees is a matter for the legislature. It is in the legislature that objectors must find their remedy.

We will note other comments by reference to the rule as numbered in the Montana Code Annotated:

3-1-803. Disqualification of judges.

We have amended this rule to state that it applies to all courts in Montana except a court of impeachment in the state senate. The earlier version may have been construed to omit certain municipal or city court judges.

We have further provided that a judge is disqualified if he is related to an attorney of record for a party by consanguinity or affinity within the fourth degree of kindred. The rule formerly provided for any relationship to a party within the sixth degree, but this Court has considered that degree too remote.

We further amended subsection 3 of this rule to provide that no judge may sit on appeal in a case where he or she rendered the judgment or order appealed from.

3-1-804. Substitution of district judges.

This rule was amended to make it clear that it does not include water court judges, nor a workers' compensation judge.

2

In subsection 1(a) we clarified that a substituted judge has no power to decide legal issues in the case after his substitution and that he may attend only to routine matters thereafter in the cause. We eliminated any participation by a substituted judge in omnibus hearings in criminal cases.

In connection with subsection 1(c) we had received comments that we should make provisions for substitution if a new judge assumes jurisdiction because of the internal operating rules of a multi-judge court. That problem had been taken care of in the amendment hereto.

Further with respect to subsection 1(c) at the suggestion of one district judge, and some other observers, we provided a right of one substitution to one third-party defendant who is not an original party in any pending case. The former rule made no such provision.

Subsection 1(d) was amended to make it specific that no filing fee is required by law in criminal cases for the substitution of judges.

In subsection 1(e) we provided that the judge for whom substitution is sought has jurisdiction to determine the timeliness of a motion for substitution.

Several comments brought to our attention that though we had earlier provided for a motion for substitution after a new trial had been ordered by the district court or on appeal, we had not provided for those cases where after appeal a summary judgment or dismissal is reversed or modified and the cause remanded to district court for further proceedings in the same cause. Subsection 1(g) has been amended to take care of that problem. We have also provided that in criminal cases, no substitution arises when the cause is remanded for resentencing.

3

3-1-805. Disqualification for cause.

The first paragraph of this section was amended to show that it includes city courts.

Subsection 1(a) was amended to eliminate any requirement for the payment of a filing fee for a motion to disqualify a judge for cause.

Appreciation

The Supreme Court hereby expresses its appreciation to those persons filing comments in respect to these rules. The comments gave us further reason for close study and intense consideration. Even though not all of the suggestions or objections raised in the comments were acceded to by us they nevertheless gave us reason to consider the direction and force that should be accorded to these important rules and their practical application in the practice of law.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The final form of the rules promulgated by this Court for the disqualification and substitution of judges shall be as attached hereto and set forth therein.

2. The effective date of said rules shall continue to be September 1, 1987.

3. The Clerk of this Court is directed to mail copies of these rules to the following:

The Code Commissioner of the State of Montana;

District Court Judges of the State of Montana;

Clerks of the District Courts of the State of Montana;

United States District Court Judges of the State of Montana;

President and Executive Director of the State Bar of Montana;

4

President and Executive Director of the Montana Trial Lawyers Association;

West Publishing Company, with a request that it be published in the Pacific Reporter;

State Reporter, with a request that it be published in the State Reporter.

DATED this 13th day of September, 1988.

_J. A. Tyrnagl_
Chief Justice

_John Conway Harrison,_

_William E Hunt Sr_

_John C. Sheehy_

_L. C. Gulbrandson,_

_R. C. McDonough_
Justices

AMENDMENT OF RULES
ON DISQUALIFICATION AND SUBSTITUTION
OF JUDGES

3-1-803.  Disqualification of Judges -- all courts.
DISQUALIFICATION OF JUDGES

This section shall, in its application, apply to all courts listed in section 3-1-101 except a court of impeachment in the state senate.

Any justice, judge, justice of the peace, municipal court judge or city court judge must not sit or act in any action or proceeding:

1.  To which he is a party, or in which he is interested.

2.  When he is related to either party or any attorney or member of a firm of attorneys of record for a party by consanguinity or affinity within the fourth degree, computed according to the rules of law;

3.  When he has been attorney or counsel in the action or proceeding for any party or when sitting in a case on appeal he as a judge in the lower court rendered or made the judgment, order, or decision appealed from.

3-1-804.  Substitution of district judges.
SUBSTITUTION OF DISTRICT JUDGES

This section is limited in its application to district courts and judges presiding therein; it does not include district court judges or other judges sitting as a water court judge, nor a Workers' Compensation Court judge.

1.  A motion for substitution of a district judge may be made by any party to a proceeding only in the manner set forth herein.  In a civil or criminal case, each adverse

- 1 -

party, including the state, is entitled to one substitution of a district judge.

(a) A motion for substitution of a district judge shall be made by filing a written motion with the clerk, as follows:

"The undersigned hereby moves for substitution of District Judge _____ in this cause."

A copy of the motion shall be served upon all parties to the proceeding and the clerk shall immediately notify the judge. After a timely motion has been filed, the substituted judge shall have no power to act on the merits of the cause or to decide legal issues therein, and shall call in another judge. However, a resident district judge who has previously been substituted from the case may agree to set the calendar, draw a jury, conduct all routine matters including arraignments, preliminary pretrial conferences in civil cases, and other matters which do not go to the merits of the case, if the judge in jurisdiction authorizes the same.

(b) The first district judge who has been substituted or disqualified for cause shall have the duty of calling in all subsequent district judges. It shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the initial pleading, complaint, order to show cause, or information and all copies thereof.

(c) When a judge is assigned to a cause for (20) consecutive days after service of summons, or ten (10) days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed with said time period, the right to move for substitution of a judge shall be deemed waived. If the presiding judge removes himself or herself, or a new judge assumes jurisdiction of the cause by virtue of the internal

- 2 -

operating rules of a multi-judge court, the right to move for substitution of a judge is reinstated, unless having been previously used in the cause by the moving party, and the time periods shall run anew. After the time period shall have run as to the original parties to the proceeding, no party who is joined or intervenes thereafter shall have any right of substitution, except that one third party defendant who is not an original party in any pending case may have a right of one substitution within twenty (20) days after the service upon the third party defendant of a third party complaint.

(d) The motion for substitution shall not be effective for any purpose unless a filing fee is paid to the clerk of the district court in the amount set by law. No filing fee is required by law in criminal cases.

(e) Any motion for substitution which is not timely filed is void for all purposes. The judge for whom substitution is sought shall have jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall make an order declaring the motion void.

(f) When a new judge has accepted jurisdiction, the clerk of court shall mail a copy of the assumption of jurisdiction to the original judge and to each attorney or party of record. The certificate of service shall be attached to the assumption of jurisdiction form in the court file.

(g) When a new trial is ordered by the district court, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. When on appeal the judgment or order appealed from is reversed or modified and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded,

each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. Such motion must be filed, with the required filing fee in civil cases, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur from the Supreme Court has been filed with the district court. No other right of further substitution shall arise in cases remanded by the supreme court. In criminal cases, no further right of substitution shall arise when the cause is remanded for resentencing.

3-1-805. Disqualification for cause.

DISQUALIFICATION FOR CAUSE

This section is limited in its application to judges presiding in district courts, justice of the peace courts, municipal courts, small claims courts, and city courts.

1. Whenever a party to any proceeding in any court shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge, such judge shall proceed no further in the cause. If the affidavit is filed against a district judge, the matter shall be referred to the Montana Supreme Court, whereupon the Chief Justice shall assign a district judge to hear the matter. If the affidavit is filed against a judge of a municipal court, justice court, or city court, any district judge presiding in the district of the court involved may appoint either a justice of the peace, a municipal judge or a city court judge, to hear any such proceeding.

(a) The affidavit for disqualification must be filed more than thirty (30) days before the date set for hearing or trial.

(b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good

faith. An affidavit will be deemed not to have been made in good faith if it is based solely on rulings in the case made by the challenged judge and from which an appeal could have been taken.

(c) Any affidavit which is not in proper form and which does not allege showing personal bias or prejudice may be set aside as void.

(d) The judge appointed to preside at a disqualification proceeding may assess attorneys fees, costs and damages against any party or his attorney who files such disqualification without reasonable cause and thereby hinders, delays or takes unconscionable advantage of any other party, or the court.